IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**STATE VOLUNTEER MUTUAL INSURANCE CO.** **PLAINTIFF**

**v.** **No. 2:26-cv-66-DPM**

**SUDESH BANAJI, M.D.; SUDESH BANAJI, MD, PLLC; JUDY FINCH; LAQUALER WILSON; and NATALIE SPAIN** **DEFENDANTS**

**SUDESH BANAJI, M.D.; SUDESH BANAJI, MD, PLLC; JUDY FINCH; and LAQUALER WILSON** **PLAINTIFFS**

**v.** **No. 2:26-cv-101-DPM**

**STATE VOLUNTEER MUTUAL INSURANCE CO.** **DEFENDANT**

## ORDER

**1.** State Volunteer Mutual Insurance and Dr. Banaji seek a declaratory judgment. Each wants a court to determine their rights under Dr. Banaji's medical liability insurance policy. Some of Dr. Banaji's patients sued him in state court for allegedly improper breast exams. State Volunteer then sued here. Two months later, Dr. Banaji sued in state court, and then moved for dismissal of this case

based on that state proceeding. State Volunteer removed Dr. Banaji's state case, prompting his motion to remand.

**2.** Dr. Banaji's motion to dismiss is denied. This Court has substantial discretion to abstain in declaratory judgment cases. *Scottsdale Insurance Co. v. Detco Industries, Inc.*, 426 F.3d 994, 996 (8th Cir. 2005). Its discretion is even broader in cases where there's a parallel state proceeding. *Lexington Insurance Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 967 (8th Cir. 2013). Removal of the state case eliminated the concerns of "judicial economy" and "gratuitous interference" with state proceedings at the core of the broader discretionary standard. *See Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 496 (1942); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 282–83 (1995). Because there is no pending parallel state proceeding the Court uses the six-factor test from *Scottsdale* to make its abstention determination. 426 F.3d at 998–99.

Declaratory judgment would resolve the "uncertainty" between State Volunteer, Dr. Banaji, and other claimants. *Scottsdale*, 426 F.3d at 999. There is no weighty state interest in having this insurance policy dispute decided by an Arkansas court. Because the state case was removed, determination of coverage won't conflict with any state court rulings. And there isn't a threat of entangling the two court systems. The state tort cases brought by Dr. Banaji's patients involve different questions of law; any obligation State Volunteer owes to Dr. Banaji can

be determined notwithstanding resolution of those cases. *Mattson v. St. Paul Title Co. of the South*, 277 Ark. 290, 292, 641 S.W.2d 16, 18 (1982). Last, State Volunteer isn't engaging in "procedural fencing" by bringing this federal declaratory judgment action. *Scottsdale*, 426 F.3d at 1000. There's no concern that a judgment in this case would be used to preclude a judgment in state court. Considering all these factors, the Court decides not to abstain.

**3.** State Volunteer's motion to realign the parties is granted. *Universal Underwriters Insurance Co. v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1966). Finch and Wilson have sued Dr. Banaji for inappropriate touching during a medical exam. In this case, Finch, Wilson, and Dr. Banaji share the same interest in having the policy cover their claims. State Volunteer says no coverage exists. In such cases, the claimants and the insured are adverse to the insurer. 13E ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3607 (3d ed.). Therefore, Finch and Wilson are properly realigned as plaintiffs.

**4.** With the needed realignment, diversity jurisdiction exists. State Volunteer is from Tennessee; all the other defendants are Arkansawyers. *Doc. 1 at 3.* And the amount in controversy exceeds the statutory minimum. 28 U.S.C. § 1332(a). Plus, the same reasoning explained above applies to whether the Court should keep this case. Dr. Banaji's motion to remand is therefore denied.

**5.** The Court, on its own motion, consolidates Case No. 2:26-cv-66-DPM and Case No. 2:26-cv-101-DPM. The cases involve common questions of law and fact; and consolidation makes good sense. Fed. R. Civ. P. 42(a). All future filings must be made in the lead case, Case No. 2:26-cv-66-DPM.

*

Dr. Banaji's motion to dismiss, *Doc. 16* in Case No. 2:26-cv-66-DPM, and his motion to remand, *Doc. 9* in Case No. 2:26-cv-101-DPM, are denied. State Volunteer's motion to realign the parties, *Doc. 5* in Case No. 2:26-cv-101-DPM, is granted. The Court directs the Clerk to update the docket: Judy Finch and Laqualer Wilson are now plaintiffs in Case No. 2:26-cv-101-DPM. These related cases are consolidated. The Court directs the Clerk to remove the gavel from the notice of related case in Case No. 2:26-cv-101-DPM.

So Ordered.

DPMarshall Jr.

D.P. Marshall Jr.
United States District Judge

4 September 2026